**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

MARKSMAN SECURITY CORPORATION, a
Florida For Profit Corporation,
    Plaintiff

vs.

P.G. SECURITY, INC. d/b/a Platinum Group
Security, a Florida Profit Corporation,

    Defendant.

_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, MARKSMAN SECURITY CORPORATION, a Florida Profit Corporation ("Marksman") hereby files this Complaint against Defendant, P.G. SECURITY, INC. d/b/a Platinum Group Security ("P.G."), a Florida Profit Corporation, for cybersquatting, unfair competition and false association, federal trademark infringement, Florida Deceptive and Unfair Trade Practices, misleading advertising, and defamation, and in support thereof states as follows:

## INTRODUCTION

1. Marksman and Defendant are competing providers of private security services. In May of 2019, Marksman discovered a false, unauthorized Instagram page – "Marksmansecurity" – purporting to be Marksman's Instagram account, utilizing Marksman's trademarked name and logo. This account stated that Marksman, among other things, steals from and sues its clients.

2. Through a series of subpoenas and depositions in a bill of discovery action, Marksman discovered that the Instagram account was created and accessed by Internet Protocol addresses registered to Defendant, as well as being registered with an email address impersonating

1

the President and Founder of Marksman. Marksman also discovered that Defendant registered numerous domain names that are confusingly similar to Marksman's registered trademarks, and that those domain names, at Defendant's direction, redirect consumers to Defendant's website.

3. The false Instagram account controlled by Defendant and Defendant's deceptive use of confusingly similar domain names to redirect consumers attempting to visit Marksman's website to Defendants' website are not Defendant's first attempts to harm Marksman.

4. Indeed, Defendant has attempted to publicly humiliate Marksman via Facebook posts in the past, and, on or about September 21, 2018, even text-messaged threatening, homophobic, and anti-Semitic messages to one of Marksman's vice presidents stating "Didn't know you like working for a Jew and homosexual bro but to each there[sic] own."

5. Defendant has repeatedly violated state and federal law in its repeated attacks on Marksman— apparently not only motivated by lucre and malice, but also in a deeply disturbing anti-Semitism.

6. Marksman has been damaged as a result of Defendant's actions, and seeks injunctive and other equitable relief, as well as compensatory damages, punitive damages, costs, and attorney fees.

## PARTIES

7. Marksman is and was a direct competitor to Defendant and its predecessor entity, Platinum Group Security, Inc., in the private security industry.

8. Marksman is a Florida for Profit Corporation organized under the laws of the State of Florida, with its principal place of business in Ft. Lauderdale, Florida. Marksman operates in numerous states throughout the United States.

9. Defendant is a Florida Profit Corporation organized under the laws of Florida, with its principal place of business in Deerfield Beach, Broward County, Florida.

## JURISDICTION AND VENUE

10. This is an action for monetary damages and for injunctive relief relating to Defendant's misleading advertising, harmful statements, and unauthorized use of Marksman's intellectual property to harm Marksman's business in violation of the laws of the United States and the State of Florida.

11. Marksman brings claims predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §§ 1114 and 1125, and related claims under the common law of the State of Florida.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Broward County, Florida; and pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Marksman's state and common law claims pursuant to 28 U.S.C. § 1367(a). Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action stated herein.

## FACTUAL BACKGROUND

14. Marksman holds federally registered trademarks in the word mark "Marksman," U.S. Reg. No. 5,585,695, which the United States Patent and Trademark Office (the USPTO) registered on October 16, 2018, and the design mark:



U.S. Reg. No. 5,754,677, which the USPTO registered on May 21, 2019 (collectively referred to herein as the "Marks"). The Marks are registered in International Class 45 for the following goods and services:

> Guard services; Security guard services; Security services, namely, providing executive protection; Security control of persons and luggage in airports; Security guarding for facilities; Security threat analysis for protecting personal safety; Compiling inventories of personal items for others to meet the needs of individuals; Consultancy services in the field of home security; Day and night guards; Guard services for preventing the intrusion of burglars; Monitoring of burglar and security alarms; Monitoring of security alarm systems; Night guard services; Personal security consultation; Physical security consultancy; Providing security surveillance of premises for businesses and governmental agencies; Providing information in the field of building security via the Internet.

15. Marksman has continuously used its Marks in connection with the above listed goods and services for over fifteen years.

16. The Marks are inherently distinctive.

17. The Marks have been used in interstate commerce to identify and distinguish Marksman's high-quality services for an extended period of time.

18. The Marks have never been assigned or licensed by Marksman to Defendant.

19. The Marks are a symbol of Marksman's quality, reputation, and goodwill.

20. Marksman has never abandoned the Marks.

21. Marksman has extensively used, advertised, and promoted the Marks in the United States in association with the provision of high-quality private security services.

22. Accordingly, the Marks have achieved secondary meanings as an identifier of high-quality private security services.

23. On or about March 30, 2018, Defendant registered the following domain names:

- Marksmensecurity.com
- Marksmansecurity.net
- Marksmensecurity.net
- Marksmensecurity.org
- Marksmensecurity.info
- Markmansecurity.com

(the "Misleading Domain Names"). Defendant then directed its third-party web design vendor to have each of the Misleading Domain Names redirect visitors to Defendant's website in a bad-faith attempt to profit from Marksman's inherently distinctive and desirable Marks. As of the date of this filing, each of the Misleading Domain Names continues to redirect visitors to Defendant's website.

24. On or about July 18, 2018, Defendant registered an Instagram account with the username "Marksmansecurity" (the "Instagram Page"). Defendant then used Marksman's Marks (both the design mark and the word mark) to impersonate Marksman and intentionally display misleading, harmful content about Marksman on the Instagram Page. Specifically, the Instagram Page, which bore Marksman's trademarked logo, reads as follows:



Such statements are misleading and harmful to Marksman's reputation.[1] As of the date of this filing, the Instagram Page continues to display the foregoing misleading and harmful statements about Marksman.

---

[1] Although Defendant has since removed Marksman's logo from public view, Defendant continues to purport to be "Marksman Security Corporation" on the Instagram Page and continues to make the foregoing misleading, harmful statements about Marksman. Defendant has thus far refused to further provide the content posted on the page, which is now set to private.

5

25. On September 21, 2018, Kevin Van Middlesworth, Defendant's President and Chief Executive Officer, text-messaged threatening, homophobic, and anti-Semitic one of Marksman's vice presidents. Specifically, Mr. Middlesworth stated: "Didn't know you like working for a Jew and homosexual bro but to each there[sic] own."

26. Finally, on May 15, 2019, Defendant attempted to publicly humiliate Marksman by posting on the Platinum Group Security Facebook Page that Marksman buys "toy cars to protect your community."

27. Upon learning of the Instagram Page, Marksman initiated a Bill of Discovery in the Circuit Court of Orange County, Florida, served multiple subpoenas, and took multiple depositions to discover the identity of the person or persons that were operating and in control of the Instagram Page, incurring costs and attorney fees in the process.

28. Defendant, through its agents, created the Instagram page, as well as registered an email address impersonating the President and Founder of Marksman to do so.

29. Marksman has been damaged as a result of Defendant's actions and seeks injunctive and other equitable relief, as well as compensatory damages, punitive damages, costs, and attorney fees.



30.Marksman has retained the undersigned law firm to represent it in this action and is obligated to pay the firm its reasonable expenses and costs, including attorney and paralegal fees, incurred in this action.

## COUNT I
### ACTION FOR FEDERAL ANTI-CYBERSQUATTING UNDER 15 U.S.C. § 1125(d), SECTION 43 OF THE LANHAM ACT

31.Marksman realleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32.Marksman is the sole and exclusive owner of the validly registered Marks.

33.Marksman has continuously used the Marks in commerce for over fifteen years.

34.The Marks are inherently distinctive and have acquired secondary meaning.

35.The Marks were distinctive before the date on which Defendant registered the Misleading Domain Names.

36.The Misleading Domain Names, over which Defendant exerts authority and control, are confusingly similar to the Marks owned by Plaintiff.

37.The Misleading Domain Names redirect consumers intending to visit Marksman's website to Defendant's website.

38.Defendant is a direct competitor to Marksman in the private security industry and was well aware that Marksman had been using the Marks in commerce for a significant period of time prior to the date on which Defendant registered the Misleading Domain Names.

39.Defendant registered the confusingly similar Misleading Domain Names and redirected visitors to Defendant's website in a bad faith attempt to profit from Marksman's Marks.

40.Defendant's activities complained of herein have been without Marksman's consent.

41. Defendant's ongoing use of confusingly similar Misleading Domain Names to redirect consumers attempting to visit Marksman's website to Defendant's website is wrongful, wilful, intentional, in deliberate and knowing disregard of Marksman's exclusive ownership rights in the Marks and establishes this case to be exceptional.

42. Marksman has been damaged as a result of Defendant's actions.

43. Marksman has suffered and will continue to suffer irreparable harm as a result of Defendant's actions because any remedy at law is inadequate.

44. An injunction serves the public interest because, *inter alia*, consumers are being deceived and an injunction is necessary to protect the fair and legitimate operations of the industry.

45. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's improper use of confusingly similar Misleading Domain Names permits Marksman to recover Defendant's profits, Marksman's damages, statutory damages, and Marksman's costs, including attorney fees.

46. Pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1117), Marksman is entitled to injunctive relief.

WHEREFORE, Marksman asks the Court to enter a judgment against Defendant awarding Marksman (a) Defendant's profits; (b) Marksman's actual damages; (c) Marksman's attorneys' fees and costs as the prevailing party; (d) injunctive relief; (e) statutory damages; and (f) such additional relief that this Court deems fair and equitable.

### COUNT II
### ACTION FOR FEDERAL UNFAIR COMPETITION AND FALSE ASSOCIATION UNDER 15 U.S.C. § 1125(a), SECTION 43 OF THE LANHAM ACT

47. Marksman realleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

48. Marksman is the sole and exclusive owner of the Marks, the federal registrations for which are valid and remain in full force and effect.

49. Marksman has continuously used the Marks in commerce for over fifteen years.

50. The Marks are inherently distinctive and have acquired secondary meaning.

51. Defendant's use of Marksman's Marks in commerce, or marks confusingly similar to Marksman's Marks, was and is without consent.

52. Reasonable consumers are likely to be confused by Defendant's use of similar marks to impersonate Marksman on Instagram.

53. Defendant's statements that Marksman's employees steal from its clients, and that Marksman lies to and sues its clients are misleading.

54. By publicly utilizing Marksman's Marks and making misleading statements in the manner complained of herein, Defendant has deceived and will continue to deceive consumers, sow confusion in the marketplace, and mislead the public into believing that Marksman's employees regularly "steal from clients," that Marksman lies to its clients, and that Marksman brings frivolous lawsuits against its clients, thereby harming Marksman's reputation and depriving Marksman of the goodwill attached to the Marks.

55. Defendant's misleading statements are material because the misleading statements were and are being made in connection with Marksman's provision of security services and misrepresent the inherent quality and characteristics of Marksman's services and are likely to influence the purchasing decisions of consumers.

56. Marksman operates in multiple states, and, thus, Marksman's services affect interstate commerce.

57. Defendant's ongoing display of the misleading statements and Marksman's Marks on the Instagram Page is wilful, wrongful, and intentional, and establishes this case to be exceptional.

58. Marksman has suffered and will continue to suffer irreparable harm as a result of Defendants' actions because any remedy at law is inadequate.

59. An injunction serves the public interest because, *inter alia*, consumers are being deceived and an injunction is necessary to protect the fair and legitimate operations of the industry.

60. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's unfair competition and misleading advertising permits Marksman to recover Defendant's profits, Marksman's damages, statutory damages, and Marksman's costs, including attorney fees.

61. Pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1117), Marksman is entitled to injunctive relief

WHEREFORE, Marksman asks the Court to enter a judgment against Defendant awarding Marksman (a) Defendant's profits; (b) Marksman's actual damages; (c) Marksman's attorney fees and costs as the prevailing party; (d) injunctive relief; (e) statutory damages, and (f) such additional relief that this Court deems fair and equitable.

## COUNT III
### ACTION FOR FEDERAL TRADEMARK INFRINGEMENT UNDER
### 15 U.S.C. § 1114, SECTION 32 OF THE LANHAM ACT

62. Marksman realleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

63. Marksman is the sole and exclusive owner of the Marks, the federal registrations for which are valid and remain in full force and effect.

64. The Marks are inherently distinctive and have acquired secondary meaning.

65. Defendant's use of the Marks in connection with the Instagram Page is likely to cause confusion, cause mistake, or to deceive those who access the Instagram Page, and constitutes federal trademark infringement pursuant to Section 32 of the Lanham Act (15 U.S.C. §1114).

66. Defendant's activities complained of herein have been without Marksman's consent.

67. By publicly utilizing Marksman's Marks in the manner complained of herein, Defendant has caused and will continue to cause confusion in the marketplace and mislead the public into believing that Marksman's employees regularly "steal from clients," that Marksman lies to its clients, and that Marksman brings frivolous lawsuits against its clients, thereby harming Marksman's reputation and depriving Marksman of the goodwill attached to Marksman's Marks.

68. Defendant used the Marks in commerce in connection with the sale of their services by using the mark to damage Marksman's reputation and illicitly persuade potential Marksman customers to use Defendant's services instead.

69. In addition, Defendant used the Marks in commerce to publish a misleading advertisement regarding Marksman's services to consumers in the market for security services.

70. Defendant's ongoing display of the Marks on the Instagram Page is wrongful, intentional, and in deliberate and knowing disregard of Marksman's exclusive ownership rights in the Marks.

71. Marksman has suffered and will continue to suffer irreparable harm as a result of Defendant's actions because any remedy at law is inadequate.

72. An injunction serves the public interest because, *inter alia*, consumers are being deceived and an injunction is necessary to protect the fair and legitimate operations of the industry.

73. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's trademark infringement permits Marksman to recover Defendants' profits, Marksman's damages, statutory damages, and Marksman's costs, including attorneys' fees.

WHEREFORE, Marksman asks the Court to enter a judgment against Defendant awarding Marksman (a) Defendant's profits; (b) Marksman's damages; (c) according to the circumstances of this case, additional amounts in excess of Defendant's profits or Marksman's damages, not to exceed three times such amount; (d) Marksman's attorney fees and costs as the prevailing party; (e) injunctive relief; (f) statutory damages; and (g) such additional relief that this Court deems fair and equitable.

## COUNT IV
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201, *et seq*.

74. Marksman realleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

75. Marksman is the sole and exclusive owner of the Marks, the federal registrations for which are valid and remain in full force and effect.

76. Marksman has continuously used the Marks in commerce for over fifteen years.

77. The Marks are inherently distinctive and have acquired secondary meaning.

78. Defendant is engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

79. Marksman is an "interested party" as defined by Fla. Stat. § 501.203(6).

80. Defendant is in direct competition with Marksman.

81. Defendant's use of the Marks in commerce, or marks confusingly similar to the Marks, was and is without consent.

82. Defendant's statements that Marksman's employees steal from its clients, and that Marksman lies to and sues its clients are misleading.

83. By publicly utilizing the Marks and making misleading statements in the manner complained of herein, Defendant has deceived and will continue to deceive consumers, sow confusion in the marketplace, and mislead the public into believing that Marksman's employees regularly "steal from clients," that Marksman lies to its clients, and that Marksman brings frivolous lawsuits against its clients, thereby harming Marksman's reputation and depriving Marksman of the goodwill attached to the Marks.

84. In addition, Defendant's unethical, anti-competitive behaviour is a detriment to consumers in the marketplace for security services.

85. Defendant's ongoing display of the misleading statements and the Marks on the Instagram Page is wilful, wrongful, and intentional.

86. Defendant's ongoing actions are unconscionable, unfair, deceptive, and misleading.

87. Marksman has suffered and will continue to suffer irreparable harm as a result of Defendant's actions because any remedy at law for Defendant's perpetuation of their unconscionable, unfair, deceptive, and misleading actions in violation of FDUTPA would be inadequate.

88. An injunction serves the public interest because, *inter alia*, consumers are being deceived and an injunction is necessary to protect the fair and legitimate operations of the industry.

89. Pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff is entitled to actual damages, costs, and attorney fees. In addition, Plaintiff is entitled to declaratory and injunctive relief pursuant to Fla. Stat. § 501.211(1).

WHEREFORE, Marksman asks the Court to enter a judgment against Defendant awarding Marksman (a) actual damages; (b) attorney fees and costs; (c) declaratory and injunctive relief; and (d) such additional relief that this Court deems fair and equitable.

## COUNT V
## MISLEADING ADVERTISING, FLA. STAT. § 817.41

90. Marksman realleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

91. Defendants are in direct competition with Marksman.

92. Defendants have been and are currently engaged in "misleading advertising" as defined by Fla. Stat. § 817.40(5) through the wilful and knowing dissemination to the public of misleading statements about Marksman, Defendant's direct competitor, through Defendant's Instagram Page, with the intent to have consumers rely and act on Defendant's false statements by retaining Defendant's services instead of Marksman's.

93. Specifically, Defendant knowingly disseminated and continues to disseminate misleading statements to the public through their Instagram Page.

94. Defendant's statements about Marksman are misleading.

95. Defendant knew or should have known that its statements about Marksman were and are misleading.

96. Defendant's misleading statements are material because the misleading statements were and are being made in connection with Marksman's provision of security services and misrepresent the inherent quality and characteristics of Marksman's services and are likely to influence the purchasing decisions of consumers.

97. Defendant's misleading statements were made in bad faith and with malice or reckless indifference to Plaintiffs' and consumers' interests.

98. By publicly making misleading statements in the manner complained of herein, Defendant has deceived and will continue to deceive consumers, sow confusion in the marketplace, and mislead the public about Marksman's business practices, thereby harming Marksman's reputation.

99. In addition, Defendant's unethical, anti-competitive behaviour is a detriment to consumers in the marketplace for security services.

100. Defendant's ongoing display of misleading statements about Marksman on Defendant's Instagram Page is wilful, wrongful, and intentional.

101. An injunction is a viable form of relief for a violation of Fla. Stat. § 817.41.

102. Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendant's actions because any remedy at law would be inadequate.

103. An injunction serves the public interest because, *inter alia*, consumers are being deceived and an injunction is necessary to protect the fair and legitimate operations of the industry.

104. Pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff is entitled to actual damages, costs, and attorneys' fees. In addition, Plaintiff is entitled to declaratory and injunctive relief pursuant to Fla. Stat. § 501.211(1).

WHEREFORE, Marksman asks the Court to enter a judgment against Defendant awarding Marksman (a) damages; (b) punitive damages; (c) attorney fees and costs; (d) declaratory and injunctive relief; and (e) such additional relief that this Court deems fair and equitable.

## JURY TRIAL DEMANDED

Marksman hereby demands a jury trial on all issues so triable.

Dated:  October 4, 2019

Respectfully Submitted,

**ADAM C. LOSEY, ESQ. (FBN 69658)**
Primary Email: alosey@losey.law
Secondary Email: docketing@losey.law
**DAVID A. MEEK II, ESQ. (FBN 59314)**
Primary Email: dmeek@losey.law
Secondary Email: docketing@losey.law
**LOSEY PLLC**
1420 Edgewater Drive
Orlando, Florida 32804
Phone: 407.906.1605
Lead Trial Counsel
*Counsel for Plaintiff*