UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62467-KMM

MARKSMAN SECURITY CORPORATION,

    Plaintiff,
v.

P.G. SECURITY, INC., *et al.*,

    Defendants.
                                       /

**ORDER ON MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant P.G. Security, Inc. ("Defendant P.G. Security") and Defendant Cameron Underwood's ("Defendant Underwood") (collectively, "Defendants") Motion to Dismiss. ("Mot.") (ECF No. 34). Plaintiff Marksman Security Corporation ("Plaintiff") filed a response in opposition. ("Resp.") (ECF No. 36). Defendants filed a reply. ("Reply") (ECF No. 42). The Motion is now ripe for review.

**I.     BACKGROUND**[1]

This action arises out of a contentious relationship between business competitors. Plaintiff and Defendant P.G. Security are competing providers of security services. Am. Compl. ¶ 1. Defendant Cameron Underwood is Defendant P.G. Security's Director of Marketing and Communications. *Id.* ¶ 8. Plaintiff holds a federally registered trademarks in the word "Marskman" and in its logo as a design mark. *Id.* ¶ 13.

Plaintiff's claims arise out of three separate instances of Defendants' conduct. First,

---

[1] The background facts are taken from the Amended Complaint ("Am. Compl.") (ECF No. 31) and accepted as true for purposes of ruling on this Motion. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

Defendants set up an unauthorized social media profile (the "Instagram Profile") utilizing Plaintiff's trademark and design mark. *Id.* ¶ 23. Specifically, Defendants set up the Instagram Profile with the username "Marksmansecurity" and identified itself as "Marksman Security Corporation[,]" and the profile picture was Plaintiff's design mark. *Id.* Further, the Instagram Profile had the following statement that was visible to the general public: "We claim to be the best security company but we are not! Our employees steal from our clients, we lie to our clients and sue them if need be." *Id.* Moreover, Defendants created the Instagram Profile using an email address impersonating the President and founder of Plaintiff. *Id.* ¶ 25. Additionally, the IP address that created the Instagram Profile was registered to Defendant P.G. Security. *Id.* ¶ 2.

Second, Defendants posted false negative reviews of Plaintiff and false positive reviews of Defendant P.G. Security on various websites. *Id.* ¶¶ 45–58. Specifically, Defendants, posing as employees of Plaintiff or consumers, posted false reviews on various websites where consumers and employees review companies, such as www.google.com, www.indeed.com and www.glassdoor.com. *Id.* Defendants posted the false reviews to illicitly divert business from Plaintiff to Defendant P.G. Security. *Id.* ¶ 3.

Third, Defendants registered a number of domain names that are confusingly similar to Plaintiff's registered trademark. *Id.* ¶¶ 29–46. Moreover, the misleading domain names redirected consumers to Defendant P.G. Security's website. *Id.* ¶ 36.

In the Amended Complaint, Plaintiff brings claims for (1) cybersquatting pursuant to 15 U.S.C. § 1125(d); (2) unfair competition and false association pursuant to § 1125(a); (3) unfair competition and false advertising pursuant to § 1125(a); (4) trademark infringement pursuant to 15 U.S.C. § 1114; (5) deceptive and unfair trade practices pursuant to Florida statute §§ 501.201

2

*et seq.* ("FDUTPA"); and (6) misleading advertising pursuant to Florida statute § 817.41. *See generally id.*

Now, Defendants move to dismiss Count II (false association), Count III (false advertising), Count IV (trademark infringement), Count V (FDUTPA), Count VI (FDUTPA), Count VII (misleading advertising), and Count VIII (misleading advertising) for failure to state a claim. *See generally* Mot.[2]

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

---

[2] Additionally, in the Motion, Defendants move to strike Plaintiff's claim for punitive damages. Mot. at 9. However, in their Reply, Defendants concede that Plaintiff sufficiently states a claim for punitive damages and withdraw their request to strike Plaintiff's claim for punitive damages. Reply at 1. Thus, the Court does not consider Defendants' request to strike Plaintiff's claim for punitive damages.

**III.   DISCUSSION**

Defendants move to dismiss Plaintiff's (1) claims for trademark infringement and false association; (2) claim for false advertising; (3) claims for violations of FDUTPA; and (4) claims for misleading advertising. *See generally* Mot. The Court addresses each argument in turn.

### A.   *Counts II & IV - False Association and Trademark Infringement*

Defendants move to dismiss Count II (federal unfair competition and false association) and Count IV (trademark infringement), both of which pertain to the Instagram Profile. Mot. at 2–4, 6–7. Specifically, Defendants argue that (1) Plaintiff did not allege that the Instagram Profile would cause confusion as to the origin of its services; (2) it is not plausible that the Instagram Profile would confuse consumers because no reasonable consumer would believe Plaintiff created the Instagram Profile; and (3) the Instagram Profile did not offer a good or service for sale. *Id.* In response, Plaintiff argues that (1) Plaintiff sufficiently alleges a likelihood of confusion; (2) whether there is a likelihood of confusion is a question of fact for the fact finder; and (3) Plaintiff need not allege the trademark was used in connection with a sale. Resp. at 3–7, 10–11.

To state a claim under both § 1125(a) and § 1114, a plaintiff must allege that (1) the plaintiff has an enforceable trademark right; and (2) the defendant made unauthorized use of the mark such that there was a likelihood of confusion as to the origin of the goods or services. *See Savannah College of Art and Design, Inc., v. Sportswear, Inc.*, 872 F.3d 1256, 1261–1262 (11th Cir. 2017) (noting that the central inquiry for both trademark infringement and false association is the same because both generally turn on likelihood of confusion) (citations omitted).

However, a claim for trademark infringement does not protect against all uses of a trademark and all potential confusion. *See Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368 (1924)

(citation omitted). "Unlike the general prohibition against unauthorized copying that exists in patent and copyright law, the touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a protected mark, but whether such use is likely to cause consumer confusion." *Custom Mfg. and Eng'g, Inc. v. Midway Serv, Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (internal citation omitted). "Trademarks convey to purchasers a variety of information, and when a competitor's use of the same or similar marks interferes with this informational function, trademark infringement is established." *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 389 (5th Cir. 1977).

Specifically, the use of the trademark must be "likely to create consumer confusion as to origin, source, approval, affiliation, association or sponsorship." *Savannah College of Art and Design,* 872 F.3d at 1261 (citation omitted); *see Custom Mfg. and Eng'g,* 508 F.3d at 647 (noting that a false association claim "proscribes the behavior of 'passing off' or 'palming off,' which occurs when a producer misrepresents his own goods or services as someone else's" goods or services) (citation omitted). As such, the Lanham Act is not intended to prevent all unauthorized uses of a trademark, rather, it is intended "to protect the ability of consumers to distinguish among competing producers." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992); *see also Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 582–83 (2d Cir. 1991) ("[T]rademark infringement protects only against mistaken *purchasing decisions* and not against confusion generally.").

Here, Plaintiff fails to state a claim because Plaintiff does not allege that the Instagram Profile will be likely to confuse consumers as to the origin of Defendant P.G. Security's services. Rather, Plaintiff alleges that the Instagram Profile (1) misled consumers into believing the statement on the Instagram Profile that mischaracterized Plaintiff's services; and (2) illicitly persuades consumers to use Defendant P.G. Security's services rather than Plaintiff's services.

5

Am. Compl. ¶¶ 50–51, 76, 78–80. However, these allegations are not the type of misuse of a trademark nor the type of confusion that are actionable in a claim for trademark infringement or false association. *See Prestonettes*, 264 U.S. at 368 (citation omitted); *Custom Mfg. and Eng'g*, 508 F.3d at 647 (citation omitted). Rather, a claim for trademark infringement requires that consumers are confused as to the *origin* of the product or service, which Plaintiff does not allege. *Savannah College of Art and Design,* 872 F.3d at 1261 (citation omitted)*; Custom Mfg. and Eng'g,* 508 F.3d at 647 (citation omitted). Thus, Plaintiff fails to state a claim for trademark infringement and false association.

### B.     *Count III - Federal Unfair Competition and False Advertising*[3]

Next, Defendants move to dismiss Count III (false advertising), which pertains to the false reviews published online. Specifically, Defendants argue that Plaintiff fails to state a claim pursuant to false advertising because (1) Plaintiff has not pled the content of the reviews; and (2) the reviews are not commercial advertising because the reviews were published on websites intended for current or former employees to review their employer, not consumers to review a

---

[3] As an initial matter, the Court notes that courts within this district are split as to whether false advertising claims brought pursuant to the Lanham Act must comport with Rule 9(b). *Compare USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-CIV-80352-BLOOM, 2016 WL 4254257, at *2 (S.D. Fla. Feb. 16, 2016) (holding that Rule 9(b) does not apply to false advertising claims under the Lanham Act) *with Wyndham Vacation Ownership, Inc. v. US Consumer Attorneys, P.A.*, No. 18-81251-CIV-REINHART, 2019 WL 7837887, at *4 (S.D. Fla. July 3, 2019) (holding that Rule 9(b) applies to false advertising claims to the extent that the claims sound in fraud). Although this Court has not addressed specifically whether Rule 9(b) may apply to false advertising claims, this Court has broadly held that "where the gravamen of the claim sounds in fraud, … the heightened pleading standard of Rule 9(b) applies." *State Farm Mutual Auto. Ins. Co. v. Performance Orthopedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327–28 (S.D. Fla. 2017) (citation omitted). However, in the Motion, Defendants do not raise the argument that Rule 9(b) may apply to Plaintiff's false advertising claim. *See generally* Mot. Therefore, Plaintiff was deprived of the opportunity to argue whether Plaintiff's false advertising claim sounds in fraud and whether this claim sufficiently comports with Rule 9(b). Thus, the Court will not consider whether Rule 9(b) applies to this claim.

company. Mot. at 4–6. In response, Plaintiff argues (1) it has sufficiently stated a claim for false advertising; (2) Defendants have not met its burden establishing the reviews aren't commercial advertising. Resp. 7–10.

A defendant is liable for false advertising under the Lanham Act if "(1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresentation affects interstate commerce; and (5) [the plaintiff] has been, or likely will be, injured as a result of the false or misleading statement." *Sovereign Military Hospitaller Order v. Fla. Priory of Knights Hospitallers of Sovereign Order*, 702 F.3d 1279, 1294 (11th Cir. 2012) (citation omitted).

In order for representations to constitute "commercial advertising or promotion" the representations "must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services." *Suntree Tech., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1349 (11th Cir. 2012) (citation omitted). "While the representations need not be made in a 'classic advertising campaign,' but may consist instead of more informal types of 'promotion,' the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Id.* (citation omitted). "Commercial speech encompasses not merely direct invitations to trade, but also communications designed to advance business interests." *Matonis v. Care Holdings Grp., LLC,* 423 F. Supp. 3d 104, 131 (S.D. Fla. 2019) (citation omitted).

Here, Plaintiff sufficiently states a claim for false advertising. First, although Plaintiff does not provide detailed factual allegations as to the content of the reviews, Plaintiff provides sufficient

7

information to provide Defendants with fair notice of the basis of it claim and the ground upon which it rests. *See Twombly*, 550 U.S. at 555 (citation omitted). Specifically, Plaintiff alleges that Defendants wrote false reviews on www.google.com, www.indeed.com and www.glassdoor.com that mischaracterized the nature, characteristics and quality of Plaintiff and Defendant P.G. Security's services. Am. Compl. ¶ 63; *see Sovereign Military Hospitaller Order*, 702 F.3d at 1294. Thus, taking all inferences in favor of Plaintiff, Plaintiff sufficiently states a claim for false advertising.

Second, Defendants' argument that the reviews do not constitute commercial advertising is without merit. Notably, Defendants misconstrue the standard to determine whether misrepresentations are commercial advertising. Mot. at 5. Specifically, Defendants argue that the reviews were unlikely to have an influence on consumers' purchasing decisions because the reviews are published on websites for employees to review their employer and, thus, would only influence potential employee's decisions, not potential consumer's purchasing decisions. *Id.* 5–6. However, the standard for commercial advertising is whether the speech was made for the *purpose* of influencing consumers, not whether the speech was *likely* to influence consumers. *See Suntree Tech.,* 693 F.3d at 1349 (citation omitted); *Wyndham Vacation Ownership*, 2019 WL 7837887, at *9 (holding that the plaintiff sufficiently alleges a claim for false advertising because plaintiff alleges that the defendants disseminated false or misleading information to promote their own services). And, Plaintiff alleges that Defendants wrote these reviews to illicitly divert business from Plaintiff to Defendant P.G. Security. Am. Compl. ¶ 3.

Moreover, Defendants have not met their burden to show that the reviews are not commercial advertising as a matter of law. Specifically, Defendants have not met their burden to establish, as a matter of law, that consumers are not likely to encounter nor be influenced by

disparaging reviews that are publicly available on the internet because the specific website is directed at an intended audience. As such, taking all inferences in favor of Plaintiff, the Court finds that Plaintiff sufficiently alleges that Defendants disseminated disparaging remarks about Plaintiff's services for the purpose of influencing consumers. *See Suntree Tech.,* 693 F.3d at 1349 (citation omitted).

    **C.**  ***Count V and Count VI - Plaintiff's FDUTPA claims***[4]

Next, Defendants move to dismiss Counts V and VI, Plaintiff's claims brought pursuant to FDUTPA. Mot. at 7–8. Specifically, Defendants argue that Plaintiff fails to state a claim (1) as to Count V, which pertains to the online reviews, because Plaintiff does not provide the statements made in the reviews; and (2) as to Count VI, which pertains to the Instagram Profile, because no reasonable person would have believed that Plaintiff made the statement about itself on the Instagram Profile. *Id.* In response, Plaintiff argues that (1) Plaintiff does not need to provide the content of the reviews to state a claim; and (2) Plaintiff sufficiently alleges that consumers would be deceived by the Instagram Profile. Resp. 11–12.

The FDUTPA provides a private cause of action for persons who have been injured by "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or

---

[4] As an initial matter, the Court notes that courts in this district are split as to whether Rule 9(b)'s heightened pleading standard applies to FDUTPA claims. *Compare Harris v. Nordyna, LLC,* No. 14–CIV-21885-BLOOM, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) (holding that Rule 9(b) categorically does not apply to FDUTPA claims) *with State Farm Mutual Auto. Ins.*, 278 F. Supp. 3d at 1327–28 (S.D. Fla. 2017) (holding that Rule 9(b) applies to FDUTPA claims to the extent that "the gravamen of the claim sounds in fraud."). This Court has held, specific to FDUTPA claims, that Rule 9(b) applies "where the gravamen of the claim sounds in fraud." *State Farm Mutual Auto. Ins.*, 278 F. Supp. 3d at 1327–28. However, in the Motion, Defendants do not raise the argument that the heightened pleading standard of Rule 9(b) may apply to Plaintiff's FDUTPA claims. *See generally* Mot. Therefore, Plaintiff was deprived of the opportunity to argue whether Plaintiff's FDUTPA claims sound in fraud and whether Plaintiff's claims sufficiently comport with Rule 9(b). Thus, the Court will not consider whether Rule 9(b) applies to Plaintiff's FDUTPA claims.

practices in the conduct of any trade of commerce[.]" Fla. Stat. § 501.204(1). To state a claim under the FDUTPA a plaintiff must allege "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (citation omitted).

"[A]n unfair practice is one that 'offends established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Jones Superyacht Miami, Inc. v. M/Y Waku*, —F. Supp. 3d—, 2020 WL 1666724, at *5 (S.D. Fla. Apr. 3, 2020). Further, a deceptive act is one that "is likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp. Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (citation omitted).

Here, Plaintiff sufficiently states a claim as to both Counts. First, Plaintiff sufficiently states a claim as to Count V, which pertains to the online reviews. Specifically, Plaintiff's failure to provide the specific content of the reviews is not fatal to its claim. Namely, an FDUTPA claim can allege either a deceptive act, which may depend on the content of the statements, or an unfair act, which focuses more broadly on the behavior or conduct of the defendant. *See Jones Superyacht Miami,* 2020 WL 1666724, at *5 (citations omitted). Specifically, a claim for a deceptive act may require the content of statements in order for the Court to determine if a reasonable consumer would rely on the statements to their detriment. *See Zlotnick*, 480 F.3d at 1284 (citation omitted). However, a claim for an unfair practice does not depend on the content of the statements, rather, it depends on whether the conduct of the defendant was unscrupulous or unethical. *See Jones Superyacht Miami,* 2020 WL 1666724, at *5. And posting false reviews online may be an unfair practice, notwithstanding their content, because the false reviews may overwhelm the website, thus suppressing the real reviews and depriving consumers of accurate

10

information.  *See id.*  Thus, Plaintiff sufficiently states a claim under the FDUTPA as to Count V.

Second, Plaintiff sufficiently states a claim as to Count VI, which pertains to the Instagram Profile.  Defendants argue that no reasonable person would have believed that Marksman was making the statement on the Instagram Profile about itself.  Mot. at 3–4.  However, Defendants' argument improperly narrows the definition of consumer deception.  Notably, even if reasonable consumers would realize that the Instagram Profile is a person or entity impersonating Plaintiff, it is plausible that reasonable consumers could still be deceived because they believe the publicly available statement on the Instagram Profile to be true.  *See Zlotnick*, 480 F.3d at 1284 (citation omitted).  As such, Plaintiff sufficiently states a claim under the FDUTPA as to Count VI.

### D.   Counts VII and VIII - Misleading Advertising

Next, Defendants argue that Counts VII and VIII (misleading advertising) should be dismissed because (1) Plaintiff's allegations are substantively insufficient to state a claim under § 817.41; and (2) Plaintiff fails to satisfy the heightened pleading standard of Rule 9(b).  Mot. at 8–9.  In response, Plaintiff argues (1) Plaintiff sufficiently states a claim under § 817.50; and (2) Plaintiff's claims satisfy the heightened pleading standard of Rule (9)(b).  Resp. at 13–18.

#### i.   Section 817.41

Defendants argue that Count VII and VIII fail to state a claim under § 817.41 because (1) Plaintiff fails to allege how any consumers were misled or induced by these statements; and (2) these statements were not made in connection with a sale.  Mot. at 9.  In response, Plaintiff argues that it sufficiently alleges that Defendants intended these statements to indirectly induce consumers to purchase Defendant P.G. Security's services over Plaintiff's services.  Resp. at 13–18.

In order to state a claim under § 817.41, a plaintiff must allege "(1) misrepresentation of a

11

material fact; (2) the representor made the misrepresentation without knowledge as to its truth or falsity under circumstances in which he ought to have known its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Doria v. Royal Caribbean Cruise, Ltd.*, 393 F. Supp. 3d 1141, 1145 (S.D. Fla. 2019) (citation omitted). However, where a plaintiff is a competitor rather than a consumer, the plaintiff need not show consumer reliance. *See AT&T Mobility, LLC v. Digital Antenna, Inc.*, No. 09-60639-CIV-SEITZ/O'SULLIVAN, 2010 WL 11506068, at *18 n.31 (S.D. Fla. Feb. 9, 2010) (citation omitted). Rather, a plaintiff must show a competitive injury arising from the advertising. *See id.* at *18.

Here, both of Plaintiff's misleading advertising claims sufficiently allege that Defendants intended to induce consumers to rely on its misrepresentation to utilize Defendant P.G. Security's services over Plaintiffs. First, because Plaintiff is a business competitor rather than a consumer, Plaintiff can allege a competitive injury rather than consumer reliance. *See AT&T Mobility, LLC*, 2010 WL 11506068, at *18 nn.29, 31 (citation omitted). And Plaintiff alleges that it is a competitor to Defendant P.G. Security and was harmed by these statements. Am. Compl. ¶¶ 118, 123, 125, 129, 133, 137, 140, 142.

Second, a claim for misleading advertising does not require that the statements were made in connection with a sale or offer for sale. § 817.41. Rather, the statute requires that the statement be made "with the *intent or purpose*, either directly or *indirectly*, of selling . . . services . . . or to induce the public to enter into any obligation relating to such . . . services." *Id*. And, Plaintiff sufficiently alleges that Defendants made the statement in the Instagram Profile and published the false reviews with the intent to indirectly induce consumers to utilize Defendant P.G. Security's

12

services over Plaintiff's services.[5]  Am. Compl. ¶¶ 119, 123, 141, 144; *see* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

    ii.    *Rule 9(b)*

Defendants argue that Plaintiff's misleading advertising claims do not satisfy the heightened pleading standard of Rule 9(b). Mot. at 9–11. Specifically, Defendants argue that (1) Plaintiff does not allege what statements were false on the Instagram Profile, how they are false and when the statement was made; and (2) Plaintiff does not allege the content of the reviews that Plaintiff alleges are false or misleading. *Id.* In response, Plaintiff argues that (1) it alleges the claim pertaining to the Instagram Profile with sufficient particularity; and (2) the Court should apply a relaxed heightened pleading standard to the claim pertaining to the reviews because only Defendants know which reviews are false. Resp. at 13–18.

Rule 9(b)'s heightened pleading standard applies to misleading advertising claims brought pursuant to § 817.41. *See Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992) (citation omitted). Under Rule 9(b), plaintiffs must offer more than mere conjecture. *See U.S. ex rel Clausen Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002). Namely, plaintiffs must provide sufficient factual matter to alert defendants to the "precise misconduct with which they are charged." *Durham v. Bus Mgmt. Assoc.,* 847 F.2d 1505, 1511 (11th Cir. 2001).

Further, Rule 9(b) "requires that the complaint set forth "(1) precisely what statements were

---

[5] Defendants also argue that these statements were not made with the intent to induce reliance. Mot. at 9. However, in the Amended Complaint, Plaintiff alleges that these statements were made with the intent to induce consumer reliance. Am. Compl. ¶¶ 119, 137. And, at this stage, the Court must take all allegations in the Amendment Complaint true. *Pielage*, 516 F.3d at 1284. Thus, Defendant's argument contradicting the facts as alleged in the Amended Complaint is not a proper argument in a motion to dismiss. *Whetstone Holdings, LLC v. Thorell*, No. 13-cv-24138-UU, 2014 WL 11906593, at *3 n.1 (S.D. Fla. Feb. 5, 2014) ("While Defendants additionally assert facts that contradict the complaint, the Court must assume the truth of the facts as alleged.").

made in what documents or oral representations; (2) the time and place of each such statement and the person responsible for making it; (3) the content of such statements and the manner in which they [are misleading]; and (4) what the defendants obtained as a consequence of the fraud." *Ziemba*, 256 F.3d at 1202. However, "Rule 9(b)'s heightened pleading standard may be applied less stringently . . . when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control'" and the plaintiff sets forth a factual basis for the allegations. *See Hill v. Morehouse Med. Assoc., Inc.*, No. 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003) (unpublished).

Here, Plaintiff's misleading advertising claim which pertains to the Instagram Post satisfies Rule 9(b) but Plaintiff's misleading advertising claim which pertains to the false reviews fails to satisfy Rule 9(b). First, Plaintiff's misleading advertising claim which pertains to the Instagram Profile is pled with sufficient particularity. Specifically, Plaintiff provides the precise statement and the source of the statement because Plaintiff provides an exact reproduction of the Instagram Profile with the statement that it alleges is false. Am. Compl. ¶ 23. Further, Plaintiff provides a factual basis for attributing the statement to Defendants because Plaintiff alleges that the Instagram Profile was created by an IP address that is registered to Defendant P.G. Security. *Id.* ¶ 2. And, Plaintiff pled what Defendants obtained as a consequence, that consumers would utilize Defendant P.G. Security's services rather than Plaintiff's services. *Id.* ¶¶ 119, 123. Additionally, unlike what Defendants argue, Plaintiff need not show why this statement is false, rather Plaintiff merely must allege the manner in which the statement is misleading, which Plaintiff alleges. Mot. 8; Am. Compl. ¶ 123; *see also Ziemba*, 256 F.3d at 1202.

Further, Plaintiff's failure to plead exactly when this statement was posted to Instagram and who made this statement is not fatal to its claim. Rule 9(b) applies a relaxed pleading standard

14

when specific factual information is peculiarly within the defendant's knowledge or control as long as the plaintiff provides sufficient information on which the allegations are based. *See Clausen*, 290 F.3d at 1314 n.25; *Hill*, 2003 WL 22019936, at *3. Notably, the statement on the Instagram Profile was not made directly to Plaintiff but was published online to the general public. Thus, the exact time the statement was published to Instagram and who within Defendant's organization posted the statement online is information that is peculiarly within Defendant's knowledge. *See id.*; *see also* Am. Compl. ¶ 24 (noting the actions that Plaintiff took to determine who exactly posted this statement on Instagram).

Moreover, Plaintiff's allegations as to the Instagram Profile are otherwise sufficiently particular about the statements and the source such that its allegation contains sufficient indicia of reliability to comport with Rule 9(b). *See Clausen*, 290 F.3d at 1314 n.25. Namely, Plaintiff provides an approximate date that the statements were made, July of 2018 and the precise statement that was made. Am. Compl. ¶ 23. Additionally, Plaintiff provides a factual basis for its allegation that Defendant P.G. Security, or one of its agents, published the statement. Specifically, Plaintiff alleges that the Instagram Profile was created by an IP address registered to Defendant P.G. Security. *Id.* ¶ 2. Therefore, Plaintiff's misleading advertising claim regarding the Instagram Profile comports with Rule 9(b).

Second, Plaintiff fails to satisfy Rule 9(b) as to Plaintiff's misleading advertising claim regarding the false reviews. As an initial matter, Plaintiff does not provide the content of the reviews, the precise statements that Plaintiff alleges to be misleading or when the statements were made. Am. Compl. ¶¶ 132–148. As such, Plaintiff fails to satisfy the heightened Rule 9(b) standard. *See Ziemba*, 256 F.3d at 1202.

Plaintiff argues that the Court should apply a relaxed Rule 9(b) standard to this claim

because Plaintiff is unable to ascertain which reviews are false and this information uniquely held by Defendants.  Resp. at 16.  However, even if the Court were to apply the relaxed Rule 9(b) standard to this claim, Plaintiff fails to comport with Rule 9(b).  Under the relaxed Rule 9(b) standard, plaintiffs may only plead on information and belief if they set forth a statement of facts upon which the allegations are based, which Plaintiff does not do in the Amended Complaint.  *See Clausen*, 290 F.3d at1314 n.25 (noting that even when a relaxed Rule 9(b) standard applies, plaintiffs may not make conclusory or speculative allegations, but must set forth a factual basis for the allegations pled on information and belief).  Specifically, in the Amended Complaint Plaintiff does not allege that the information lies within the Defendant's control nor does Plaintiff provide a factual basis upon which the allegations are based.  Am. Compl. ¶¶ 132–148.  Rather, Plaintiff merely alleges, on information and belief, that Defendant P.G. Security directed Defendant Underwood to post the false reviews online, without providing a factual basis for this allegation.  *Id.* ¶¶ 135–36.

Further, it is inconsequential that Plaintiff provides a factual basis for this allegation in its Response to the Motion because the factual allegations are not in the Amended Complaint.  *See Burgess v. Religious Tech. Center, Inc.*, 600 F. App.'x 657, 665 (11th Cir. 2015) (citation omitted) (noting that a plaintiff may not amend its complaint by raising new factual allegations in response to a motion to dismiss).  Thus, Plaintiff's misleading advertising claim regarding the false reviews fails to satisfy even the relaxed Rule 9(b) standard.[6]

---

[6] The Court's holding is limited to whether the factual allegations as pled in the Amended Complaint would satisfy the relaxed Rule 9(b) standard *if* the Court were to apply the relaxed Rule 9(b) standard to this claim.  Because Plaintiff's allegations fail to satisfy even the relaxed Rule 9(b) standard, the Court need not reach the question of whether the relaxed Rule 9(b) or heightened Rule 9(b) standard applies to Plaintiff's claim.  Further, the Court does not reach the question of whether the factual allegations set forth in Plaintiff's Response would be sufficient to satisfy the

IV.     **CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 34) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Count II, Count IV, and Count VIII are DISMISSED WITHOUT PREJUDICE. Plaintiff may file a second amended complaint within seven (7) days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of June, 2020.

*[signature]*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

relaxed Rule 9(b) standard notwithstanding the failure to plead the specific false reviews that Plaintiff alleges constitute misleading advertising.