**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No. 19-62467-CIV-CANNON/HUNT**

MARKSMAN SECURITY
CORPORATION,

               Plaintiff,

     v.

P.G.  SECURITY,  INC.  d/b/a  PLATINUM
GROUP SECURITY, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Plaintiff's Motion to Determine Defendant is not Entitled to Attorneys' Fees and Costs, and Objection to Defendant's Motion to Tax Attorneys' Fees and Costs, ECF No. 250, and Defendant's Motion to Tax Attorneys' Fees and Costs. ECF No. 251.  The Honorable Aileen M. Cannon referred the instant motions to the undersigned for a report and recommendation.  ECF No. 252; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough and careful review of the record, the Motions, Responses and Replies thereto, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that both Motions be DENIED without prejudice as premature.  In the alternative, the undersigned recommends that Plaintiff's Motion be GRANTED, and Defendants' Motion be DENIED for the reasons set forth below.

## I.	Background

This  action  arises  from  a  trademark  infringement  dispute  where  Marksman Security Corporation ("Plaintiff") accuses P.G. Security Inc. and Cameron Underwood

("Defendants") of infringing on its trademark by creating an Instagram account that bore Plaintiff's name, as well as purchasing domain names similar to Plaintiff's that when accessed sent consumers to Defendants' website instead of Plaintiff's.  ECF No. 49. Plaintiff brought forth claims for Anti-Cyber Squatting ("ACPA") under the Lanham Act, 15 U.S.C. § 1125(d); Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a); Common Law Unfair Competition; Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"); and for Misleading Advertising under Fla. Stat. § 817.41.

Plaintiff moved the Court to enter default judgment against Defendants on count three (common law unfair competition), count five (FDUTPA violation), and count seven (misleading advertising), as a sanction for Defendants' alleged bad faith spoliation of critical and irreplaceable electronically stored information ("ESI").  ECF No. 136.  Plaintiff also moved for judgment as a matter of law as to count one (ACPA claim), count two (unfair competition and false advertising under the Lanham Act), count four (common law unfair competition against Defendant Underwood) and count six (violation of FDUTPA). ECF No. 159.

The undersigned submitted a Report and Recommendation recommending that Plaintiff's motion for judgment as a matter of law be granted as to count one but denied as to counts two, four, and six.  ECF No. 200. The undersigned further recommended that Plaintiff should be awarded attorneys' fees and costs pursuant to the Lanham Act. *Id.*  The undersigned also recommended that Plaintiff's default motion be denied in full as to counts three, five, and seven.  *Id.*  The District Court adopted the Report and Recommendation in part and entered judgment as a matter of law in favor of Plaintiff as

to count one; denied Plaintiff's motion for default in full; denied judgment as a matter of law as to counts two, four, and six; required Plaintiff to submit a memorandum of law justifying why the District Court should not grant judgment as a matter of law in favor of Defendants on counts two, four, and six; and granted Plaintiff attorneys' fees as to count one, but stated that such fees are to be determined following entry of final judgment.  ECF No. 218.

Following entry of the District Court's Order, Plaintiff moved to amend the complaint to withdraw counts two through eight.  ECF No. 224.  Defendants objected on the grounds that if they were to prevail on some of these claims at trial they would be entitled to an award of attorneys' fees and costs.  The District Court granted Plaintiff's motion to amend and dismissed counts two through eight without prejudice.  ECF No. 229.  Plaintiff then filed one of the instant motions asking the Court to determine that Defendants are *not* entitled to attorneys' fees.  ECF No. 250.  Two days later, Defendants filed the other instant motion asking this Court to award them attorneys' fees and costs. ECF No. 251.  Both motions are fully briefed as the Parties have filed responses and replies.  ECF Nos. 262, 268, 269, 297.

## II.    Parties' Arguments

The undersigned will address both motions together as the arguments are opposite sides of the same coin.  Plaintiff argues that Defendants are not entitled to attorneys' fees and costs because they are not the prevailing party on any of the counts.  Plaintiff asserts that by prevailing on count one, the ACPA count, it has essentially obtained a judgment entitling it to disgorgement of Defendants' profits.  Plaintiff contends that this relief includes arguably all the damages available to Plaintiff if Plaintiff would have prevailed on

any or all of the dismissed counts.  Accordingly, having prevailed on the most significant count, Plaintiff moved to withdraw the remaining claims "not as a forfeit or concession of defeat, but because there was no present need, or practical reason, to pursue further victory." ECF No. 250 at 7.

Defendants, in their brief motion, argue that Plaintiff's voluntary dismissal of count eight, alleging misleading advertising pursuant to Fla. Stat. § 817.41, renders Defendants the prevailing party.  Defendants further maintain that since all the claims were "litigated together" and were "inextricably intertwined," they are entitled to an award of "all of [their] attorneys' fees and costs for having to defend the action," presumably including the count as to which judgment was entered against them (and for which fees were awarded to the opposing party).  ECF No. 251 at 3.  Somewhat contradictorily, Defendants argue in their reply that counts two through eight were "totally distinct" and unrelated to the claim (count one) for which Plaintiff obtained judgment.  ECF No. 269 at 2. Defendants' reply to Plaintiff's opposition contends that attorneys' fees were also sought under counts five and six (violations of FDUTPA), as well as count seven (misleading advertising against the corporate Defendant).  Finally, Defendants assert that Plaintiff would have lost counts three, five, seven, and eight if the case had gone to a jury, and maintain that this was the real motivation behind Plaintiff's decision to voluntarily dismiss the remaining counts.

III.    **Analysis**

A. *The Motions are Premature*

As a threshold matter the undersigned finds that the Motions are premature.  Local Rule 7.3(a)(1) requires that motions for attorneys' fees and costs be filed within 60 days of "the final judgment or order giving rise to the claim."  S.D. Fla. R. 7.3(a)(1).

> The use of the disjunctive "or" indicates that the terms "final judgment" and "order giving rise to the claim" have separate meanings and that either is sufficient to trigger the Local Rule's 60-day deadline. . . . Specifically, it ensures that the Local Rule applies both in cases where there is a final judgment and in cases where there is not a final judgment but still a claim for attorney's fees.

*Lira v. Essentia Ins. Co.*, 861 Fed. App'x 374, 377 (11th Cir. 2021). Final Judgment has not been entered in this action, and the question as to the amount of damages Plaintiff is entitled to remains unresolved. In its current posture, this is not the type of case envisioned by the rule where there is no final judgment, but still a valid claim for attorneys' fees. *See id.* (listing examples, such as an order granting a motion for sanctions, settlement, or an order granting a motion to compel). A final judgment will be entered in this action after resolution of the damages issue. Once the judgment is entered, the time will be ripe for filing any appropriate fees motions.

Additionally, pursuant to § 501.2105(1), one of the bases Defendants proffered justifying an award of fees and costs, an award of attorneys' fees and costs would be premature because the statute explicitly states that the prevailing party may receive fees "after final judgment and exhaustion of all appeals." Fla. Stat. § 501.2105(1). *See Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2018 WL 11354039, at *1 (M.D. Fla. Dec. 11, 2018) ("The Court seeks to avoid piecemeal resolution of issues, and that includes awards of attorney's fees."). The undersigned recommends that the Court decline Defendants' invitation to engage in piecemeal resolution of issues, and therefore recommends that the Motions be DENIED without prejudice to refile after resolution of all the issues in the instant action, if necessary.

Nevertheless, should the District Court determine that now is the proper time to decide whether Defendants are entitled to attorneys' fees and costs, the undersigned will continue the analysis.

### B.  *Defendants are not Entitled to Attorneys' Fees Under FDUTPA*

Prior to analyzing the underlying merits of the Motions, the undersigned finds it is important to note that Defendants never moved for summary judgment on any counts. Yet Defendants contend that Plaintiff would have lost at trial on several of them.  This is purely conjecture.  Plaintiff made the procedural maneuver to withdraw the remaining counts as it had already prevailed on one count under the Lanham Act, entitling Plaintiff to recover all the damages that it sought when filing this action.  Defendants suggest that Plaintiff withdrew the counts because it feared that judgment would be entered against it after the District Court ordered Plaintiff to submit a memorandum of law as to why the Court should not grant summary judgment in favor of Defendants as to these claims. However, Defendants fail to give the full context of the District Court's Order.  The Order required Plaintiff to submit a memorandum of law as to counts two (federal false advertising), four (common law unfair competition count), and six (FDUTPA count), the counts which were raised in Plaintiff's Motion for Summary Judgment.  Yet three of the four counts (counts five, seven, and eight) for which Defendants request fees as the prevailing party were not mentioned in the District Court's order.  Accordingly, with this procedural background in mind, the undersigned will now address the merits of the Motions.

Under Florida law, the general rule is that the defendant is the prevailing party when a plaintiff voluntarily dismisses an action.  *Thornber v. City of Ft. Walton Beach*,

568 So. 2d 914, 919 (Fla. 1990).  But the Florida Supreme Court has also held that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."  *Moritz v. Hoyt Enters. Inc.*, 604 So. 2d 807, 810 (Fla. 1992); *see also Chow v. Chak Yam Chau*, 640 F. App'x 834, 839 (11th Cir. 2015); *Thornber*, 568 So. 2d at 919 ("[t]here must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed").

"Florida courts have heeded this guidance by recognizing an exception to the voluntary dismissal rule and permitting courts to 'look behind a voluntary dismissal at the facts of the litigation to determine if a party has prevailed.'"  *Simon Props. Gp., L.P. v. Taylor*, No. 20-14374, 2021 WL 4432686, at *3 (11th Cir. Sept. 27, 2021) (quoting *Residents for a Better Cmty. V. WCI Communities, Inc.*, 291 So. 3d 632, 634 (Fla. 2d DCA 2020) and citing *Radosevich v. Bank of New York Mellon*, 245 So. 3d 877, 881 (Fla. 3d DCA 2018); *Blue Infiniti, LLC v. Wilson*, 170 So. 3d 136, 138–39 (Fla. 4th DCA. 2015); *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013); *Padow v. Knollwood Club Ass'n, Inc.*, 839 So. 2d 744, 746 (Fla. 4th DCA 2003)). Therefore, rather than focusing only on procedural maneuvers, Florida courts examine the substance of litigation outcomes when determining which party has prevailed in an action.  *See id.*; *Residents for a Better Cmty.*, 291 So. 3d at 634.

In their Reply, Defendants contend that they are entitled to fees and costs as the prevailing party on counts five through eight, the FDUTPA and Florida misleading advertising claims, asserting that their original Motion requested fees under Fla. Stat. § 501.1125(1).  However, Defendants' Motion is devoid of any request for fees pursuant to that statute.  Defendants' Motion seeks fees solely pursuant to § 817.41, and the Motion

only mentions count eight.  But regardless of the authority Defendants seek to rely on, the undersigned finds that Defendants are not the prevailing party on counts five through eight, and therefore not entitled to an award of attorneys' fees and costs.

The Florida Statutes provide for a discretionary award of reasonable attorneys' fees and costs to the prevailing party in a legal action.  Fla. Stat. § 501.2105(1). Specifically, the statute states that "[i]n any civil litigation resulting from an act or practice involving a violation[,] the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1).  The burden rests on the moving party to establish an entitlement to fees under the statute.  *Colomar v. Mercy Hosp., Inc.*, No. 05-22409-CIV-SEITZ/MCALILEY, 2008 WL 4459383, at *2 (S.D. Fla. Sept. 29, 2008). Courts within this District and Circuit have held that a party is not entitled to fees as the prevailing party on a FDUTPA claim if that claim was intertwined with Lanham Act claims. *See Temurian v. Piccolo*, No. 18-62737-CIV-SMITH/VALLE, 2021 WL 1520588, at *5 (S.D. Fla. Mar. 3, 2021); *ADT, LLC v. Alarm Pro. Tech. Fla., LLC*, No. 12-80898-CIV-MARTINEZ/GOODMAN, 2016 U.S. Dist. LEXIS 146226, at *13 (S.D. Fla. Oct. 20, 2016) ("[A] prevailing party is not entitled to fees under FDUTPA where the FDUTPA claim was incidental to the primary claim); *see also Nat. Answers, Inc., v. Smithkline Beecham Corp.*, 529 F.3d 1325, 1333 (11th Cir. 2008) (finding that a FDUTPA claim "rises or falls" on the success of Lanham Act claims).

Here, Plaintiff's Second Amended Complaint set forth claims of cybersquatting (ACPA) and unfair competition and false advertising under the Lanham Act, common law unfair competition against the Defendant corporation and the individual Defendants,

violations of FDUTPA, and misleading advertising against the corporate Defendant and the individual Defendants. After prevailing on the ACPA count on summary judgment, Plaintiff moved to withdraw all remaining counts. The District Court dismissed the counts without prejudice. Based on this dismissal, Defendants assert that they, not Plaintiff, are the prevailing party.

The undersigned disagrees. The claims raised under FDUTPA were intertwined with and incidental to the claims raised under the Lanham Act. This is clear from looking at the Second Amended Complaint, which sets forth the same factual allegations under the false advertising claim under the Lanham Act, the common law claims of unfair competition, and the FDUTPA claims. Further, when examining the substance of this litigation outcome, there is little doubt that Plaintiff is the prevailing party. Plaintiff succeeded on the ACPA count under the Lanham Act, which entitled Plaintiff to certain relief pursuant to the Act. Had Plaintiff succeeded on the other counts pursuant to the Lanham Act, it would have been entitled to the same relief, that is, an award of Defendants' gross profits less any proven deductions. Consistent with other courts within this District, and Florida courts that examine the substance of litigation outcome when determining the prevailing party, the undersigned finds that Defendants are not the prevailing party on the FDUTPA claims. The claims were incidental to the Lanham Act claims, and thus Plaintiff is the party that actually prevailed on the most significant issue in this litigation.[1] Therefore, the undersigned recommends that, if the District Court

---

1.    The undersigned also notes that as the counts were dismissed without prejudice, Plaintiff could very well raise the FDUTPA claims in state court.

9

wishes to reach the merits of this issue now, Defendants' request for attorneys' fees and costs as to the FDUTPA claims be DENIED.

### C.   *Defendants are not Entitled to Attorneys' Fees Under Fla. Stat. § 817.41*

Defendants also assert that they are the prevailing party and entitled to attorneys' fees and costs as to counts seven and eight, misleading advertising claims brought pursuant to Fla. Stat. §817.41.  Fla. Stat. § 817.41 provides that "[a]ny person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees." Fla. Stat. § 817.41(6).

Defendants rely on *Black Diamond Properties, Inc. v. Haines*, 36 So. 3d 819 (Fla. 3d DCA 2010) for the proposition that a voluntary dismissal under § 817.41 entitles them to attorneys' fees as the prevailing party.  Once again, the undersigned disagrees.  In *Black Diamond Props., Inc.*, a group of plaintiffs brought claims against the defendant, including a claim of misleading advertising under § 817.41.  36 So. 3d at 820.  One plaintiff voluntarily dismissed all his claims against the defendant.  *Id.*  The appellate court reversed the trial court's order denying the defendant's motion for fees, finding that there was no possible confusion as to whether the defendant prevailed against the dismissing plaintiff because there were no claims remaining by that plaintiff against the defendant, even though claims remained by other plaintiffs against the defendant.  *See id.* at 822 (contrasting cases that properly apply the "significant issues test" where competing claims for fees cause confusion as to who is actually the prevailing party) (citing and quoting *Danis Indus. Corp. v. Ground Improvement Techs., Inc.*, 645 So. 2d 420, 421 (Fla. 1994)).

This action is more akin to *Simon Property Group, L.P. v. Casino Travel, Inc.*, 19-60807-CIV-ALTMAN/HUNT, 2020 WL 6143632, (S.D. Fla. Oct. 20, 2020).  In *Simon*

*Property Group, L.P.*, the court distinguished *Black Diamond* on the grounds that there was potential confusion in *Simon* as to which party prevailed.  *See id.* at *6.  Likewise, *Black Diamond* is inapplicable in the instant action, as the right to attorneys' fees potentially exists for either party.  Turning to the merits, Plaintiff has prevailed on the ACPA count and is seemingly entitled to Defendants' gross profits less any deductions. If Defendants fail to establish deductions, Plaintiff could be entitled to all of Defendants' gross profits from the last three years, approximately 61 million dollars.  That is hardly consistent with Defendants being the prevailing party.

Accordingly, the undersigned finds that there are no circumstances in this action that would make the "significant issue test" inapplicable to determine whether Defendants are the prevailing party.  Plaintiff is the party that prevailed on the most significant issue, the ACPA claim.  Plaintiff was awarded attorneys' fees on that count and is by any reasonable calculus the prevailing party in this lawsuit.  Defendants are not.  Therefore, the undersigned recommends that, if the District Court decides to reach the merits on this issue, Defendants' Motion for Attorneys' Fees be DENIED.

## IV.   RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that both Motions be DENIED without prejudice as premature.  However, should the District Court determine to entertain the merits of the Motions, the undersigned recommends that Defendants' Motion to Tax Attorneys' Fees and Costs, ECF No. 251, be DENIED in full.  The undersigned further recommends that Plaintiff's Motion, ECF No. 250, be GRANTED to the extent that it seeks a determination that Defendants are not entitled to attorneys' fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** in Chambers, at Fort Lauderdale, Florida this 18th day of July 2022.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
All Counsel of Record