UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-62467-CIV-CANNON/Hunt

**MARKSMAN SECURITY CORPORATION**,
a Florida for Profit Corporation,

    Plaintiff,
v.

**P.G. SECURITY, INC.**, d/b/a Platinum Group Security,
a Florida for Profit Corporation, and,
**CAMERON UNDERWOOD**, individually,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 314]

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation (the "Report") [ECF No. 314]. The Report addresses (1) Plaintiff's Motion to Determine Defendant P.G. Security, Inc.'s Non-Entitlement to Attorneys' Fees and Costs ("Plaintiff's Motion") [ECF No. 250], and (2) Defendant P.G. Security, Inc.'s Motion to Tax Attorneys' Fees and Costs ("Defendant's Motion") [ECF No. 251]. The Report is ripe for adjudication [ECF Nos. 250–51, 262, 268–69, 297, 314, 318, 326–27]. Upon de novo review of the full record and the parties' objections, the Court **ACCEPTS** the Report [ECF No. 314] but offers the following supplementary analysis in response to Defendant's objections [ECF No. 318].

### RELEVANT BACKGROUND

The Court incorporates the factual background and procedural history as set forth in the Report [ECF No. 314 pp. 1–4], restating that background only as necessary to provide context and address Defendant's objections to the Report.

CASE NO. 19-62467-CIV-CANNON/Hunt

On July 2, 2020, Plaintiff filed its Second Amended Complaint consisting of eight counts: Count I (Anticybersquatting Consumer Protection Act (ACPA)); Count II (unfair competition and false advertising under the Lanham Act), Counts III and IV (common law unfair competition); Counts V and VI (violations of the Florida Deceptive Unfair Trade Practices Act ("FDUTPA")); and Counts VII and VIII (misleading advertising under Fla. Stat. § 817.41) [ECF No. 49]. Plaintiff moved for default judgment against the Defendant as to Counts III, V, and VII [ECF No. 136]. Additionally, Plaintiff moved for summary judgment as to Counts I, II, IV, and VI [ECF No. 159]. The Court then entered judgment as a matter of law and granted Plaintiff's request for attorneys' fees as to Count I but denied judgment as a matter of law as to Counts II, IV, and VI [ECF No. 218 (granting Plaintiff's request for attorneys' fees as to Count but reserving the amount of such fees to be determined after entry of final judgment)]. The Court also denied Plaintiff's sanctions-based motion for default judgment [ECF No. 218]. After prevailing on Count I, Plaintiff moved to withdraw all remaining counts in the Second Amended Complaint (Counts II through VIII), after which the Court dismissed those claims without prejudice [ECF Nos. 224, 227–29]. The parties then filed adverse motions on the issue of whether Defendant is entitled to attorneys' fees [ECF Nos. 250–51]. These Motions were referred to Magistrate Judge Patrick M. Hunt for a report and recommendation [ECF No. 252].

Magistrate Judge Hunt issued the instant Report, prior to the entry of final judgment, recommending that both Motions be denied as premature pending final judgment [ECF No. 314 pp. 1, 4–5].[1] Alternatively, the Report recommends that, should the Court elect not to deny the Motions as premature, Plaintiff's Motion be granted and Defendant's Motion be denied [ECF No. 314 pp. 1, 6–12]. The Report explains that Defendant is not entitled to attorneys' fees

---

[1] On August 17, 2022, the Court entered Final Judgment in favor of Plaintiff [ECF No. 324]. The Court therefore proceeds to consider the substantive recommendations of the Report.

2

under Counts II and III (FDUTPA claims), because those claims "were intertwined with and incidental to the claims raised under the Lanham Act (Count I)"; therefore, the Report observes, had Plaintiff succeeded on Counts II and III, Plaintiff would have been entitled to the same relief it was awarded under Count I [ECF No. 314 pp. 8–9]. Additionally, the Report concludes that Defendant is not entitled to attorneys' fees on Counts VII and VIII (misleading advertising state law claims), because although the Court voluntarily dismissed those counts following Plaintiff's Motion to Amend [ECF Nos. 224, 229], the litigation was not terminated by the dismissal of those counts [ECF No. 314 pp. 10–11]. Therefore, as the Report explains, the general rule under Florida law that a party can be considered the prevailing party when claims against it are voluntary dismissed, *see Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990), does not apply [ECF No. 314 pp. 6, 9–10]. The Report then concludes that Plaintiff is the prevailing party in this action because Plaintiff prevailed on the most significant issue in this litigation, Count I, rendering it entitled to Defendant's gross profits (approximately sixty-one million dollars) minus any deductions as proven by Defendant [ECF No. 314 p. 11]. "[B]y any reasonable calculus," the Report surmises, Plaintiff is the prevailing party [ECF No. 314 p. 11; *see* ECF No. 314 p. 9 ("[W]hen examining the substance of this litigation outcome, there is little doubt that Plaintiff is the prevailing party."); *id.* ("[T]here are no circumstances in this action that would make the 'significant issue test' inapplicable to determine whether Defendants are the prevailing party. Plaintiff is the party that prevailed on the most significant issue, the ACPA claim.")].

The Defendant timely objected to the Report [ECF Nos. 318, 327], and Plaintiff responded to those objections [ECF No. 326]. The Report is now ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Defendant agrees with the Report's finding that the Motions are premature [ECF No. 318 p. 1; *see* ECF No. 327], and does not challenge the Report's finding that it is not entitled to attorneys' fees on the FDUPTA claims [ECF No. 318 p. 2 (withdrawing claim to attorneys' fees under FDUPTA)]. Defendant limits its objection to the Report's finding that it is not entitled to attorneys' fees arising from the misleading advertising claims in Counts VII and VIII, brought under Section 817.41 of the Florida Statutes [ECF No. 318 p. 2 (citing Fla. Stat. § 817.41)]. On this point, Defendant's argument appears to follow this logic: (1) prior to dismissal of all claims other than Count I, this case involved "three different and separate occurrences," i.e., "three different actions," only the first of which resulted in a victory for Plaintiff (domain names); (2) Plaintiff, therefore, won only one-third of this case, while Defendant prevailed on the other two issues (Instagram page and false advertising) by virtue of the Court's voluntarily dismissal of

4

Counts II through VIII; (3) it would be "arbitrary" to consider Plaintiff the prevailing party on the "most significant issue" given the "three occurrences" as conceived above; and (4) even if Defendant is not a prevailing party on the misleading advertising claims (Counts V through VIII), "the Court may still award attorneys' fees as a result of the costs incurred by the Defendant litigating the claims that were dismissed under [Rule] 41(a)(2)" [ECF No. 229; ECF No. 318 pp. 2–4].

In response to Defendant's objections, Plaintiff argues that the Motions are not premature because the Court entered final judgment in favor of Plaintiff [ECF No. 326 p. 2]. Further, Plaintiff argues that Defendant is not entitled to attorneys' fees because Plaintiff prevailed on Count I, the ACPA claim, and there can only be one prevailing party for purposes of fees and costs [ECF No. 326 pp. 2–3].[2]

Upon review of the full record, the Court finds the Report to be well-reasoned and correct. Defendant's objections to the Report fail for three reasons.

First, Defendant's argument that the Motions are premature no longer applies in light of the Court's entry of final judgment in favor of Plaintiff [ECF No. 324].

Second, to support its arguments that Defendant is a prevailing party on Counts VII and VIII, Defendant relies on the general rule that, when a plaintiff voluntarily dismisses an action, as Plaintiff did here with Counts VII and VIII, the defendant is considered the prevailing party [ECF No. 318 pp. 2–3 (citing *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990))]. As the Report correctly concludes, that general rule does not apply here because dismissal

---

[2] Plaintiff relies on *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372 (11th Cir. 2022), for the proposition that there can be, at most, only one prevailing party. Although Plaintiff's categorization of *Royal Palm* is correct, *Royal Palm* analyzed the right to attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure, not a state statute as is the case here. The Court need not consider *Royal Palm*'s application beyond Rule 54(d) because it is clear in this case that Plaintiff is the prevailing party.

of Counts II through VIII did not end the litigation on the merits, *see Thornber*, 568 So. 2d at 919; Plaintiff voluntarily dismissed only *some* of its claims when it sought to withdraw Counts II through VIII—with Count I remaining fully in the action [ECF No. 229]. Defendant's reliance on the "general rule" to create prevailing-party status is therefore misplaced.

Third, even assuming that Defendant could be considered a prevailing party as to the dismissed Counts VII and VIII, the Report is correct that Plaintiff prevailed on the most significant issue in this case, Count I, and therefore properly is the prevailing party. The Florida Supreme Court has clarified that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney[s'] fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). To determine if a party has prevailed on a significant issue the court must determine whether "the party 'succeeded on any significant issue in the litigation which achieves some of the benefit the part[y] sought in bringing the suit.'" *Moritz*, 604 So. 2d at 809–10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This inquiry is most fairly conducted by allowing the trial court to make this determination based upon the record. *Chow v. Chak Yam Chau*, 640 F. App'x 834, 839 (11th Cir. 2015). In conducting this analysis, the court may look "behind a voluntary dismissal at the facts of the litigation to determine if a party has prevailed" by considering "the substance of litigation outcomes—not just procedural maneuvers." *Simon Prop. Grp., L.P. v. Taylor*, No. 20-14374, 2021 WL 4432686, at *3 (11th Cir. Sept. 27, 2021) (quoting *Residents for a Better Cmty. v. WCI Communities, Inc.*, 291 So. 3d 632, 634 (Fla. Dist. Ct. App. 2020)).

In this case, considering the substantive outcome, the Court fully agrees with the Report that Plaintiff is the prevailing party. To begin, Defendant does not object to the Report's finding that Plaintiff prevailed on Count I [ECF No. 314 p. 9]. Instead, Defendant implies, in general and speculative terms, that Plaintiff could be the prevailing party on previously dismissed Counts VII

and VIII. This argument fails. Plaintiff was granted judgment as a matter of law on Count I [ECF No. 218]; Count I proceeded to a bench trial on the issue of disgorgement of profits [ECF No. 290]; and following trial, the Court awarded Plaintiff $1,000,000.00 in disgorgement of profits on Count 1 plus entitlement to reasonable attorneys' fees [ECF No. 324]. Prevailing in this manner on Count I is precisely the type of relief Plaintiff sought in bringing this case against Defendant, making it the prevailing party on the most significant issue. By contrast, Counts VII and VIII were not litigated on the merits and were resolved by a dismissal without prejudice. Therefore, even if Defendant mistakenly could be considered a prevailing party on Counts VII and VIII, it is clear on this record that Defendant did not prevail on the most significant issue in the case.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 314] is **ACCEPTED**.
2. Defendant's Motion to Tax Attorneys' Fees and Costs [ECF No. 251] is **DENIED**.
3. Plaintiff's Motion to Determine Defendant is Not Entitled to Attorneys' Fees and Costs [ECF No. 250] is **GRANTED** to the extent it seeks a determination that Defendant is not entitled to attorneys' fees.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 8th day of September 2022.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record